The judgment of the court (Slidell, J. dissenting) was pronounced by
Rost, J.
We are of opinion, that the district judge erred in refusing to permit the amended petition to be filed in this case. It has been uniformly held in our courts, that amendments should or should not be permitted to be made, as it would best tend to the furtherance of justice. The only question then is, whether the amendment in this case was in furtherance of justice. We have no hesitation in saying that it was.
The defendants had entered into an agreement with the plaintiff, that an execution on a certain judgment rendered against the plaintiff, Arthur Smith and John B. Caldwell, in solido, should, in case it could not be made out of the property of Caldwell, who was the real debtor, be satisfied as follows: $150 by the plaintiff, and the balance of the execution jointly by the two defendants, one of whom was not a party to the judgment. The plaintiff' instituted this action, and asked that they might be compelled to pay their share of the judgment, and of the interest due thereon; and on failure on their part to do so within the time to be fixed by the court, that a judgment for the-sum due by them under the agreement, might be rendered in his favor.
Robert Smith, one of the defendants, excepted to the plaintiff’s right of action, on the ground that he had not alleged that he had paid the judgment, or that the debt had been assigned to him by the judgment creditor.
Arthur Smith resides out of the State. The curator ad hoc appointed to represent him, moved, that the action might be dismissed as to him, because he was not before the court either by personal citation or by his property.
*675 Before these exceptions were acted upon, the plaintiff moved the court for leave to amend his original petition by alleging, that since the institution of the suit he had been compelled to pay the entire amount of the judgment, and by praying for an unconditional judgment against the defendants. The amendment should have been permitted. It caused no injury to the defendants, and tended to prevent a multiplicity of law suits.
We are not prepared to say, that the plaintiff could, under no circumstances, have maintained his original action against one of the defendants at least; and, after paying the judgment the ground of the exception taken by that defendant was removed, and the right of the plaintiff to recover from both placed beyond all doubt.
We do not think the exception filed in behalf of Arthur Smith tenable. The obligation which he subscribed being joint between him and Robert Smith, it cannot be enforced against either until both are brought into court. He is therefore a necessary party to the suit; and, in the furtherance of justice the law authorizes a curator ad hoc to be appointed to him. He subjected himself to this eventuality by signing the agreement on which this suit is brought. See Dupuy, Curator, v. Hunt, 2d Ann. 562.
We have not noticed the motion to dismiss, because that part of the execution which the defendants assumed to pay, was clearly over three hundred dollars.
It is therefore ordered, that the judgment in this case be reversed, and the case remanded for further proceedings, with directions to the district judge to permit the amended petition offered by the plaintiff to be filed. It is further ordered, that the costs of this appeal be paid by the defendants and appellees.